IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKAELLA C. ALFARO,

      Plaintiff,                    No. 2:12-cv-2737-KJM-JFM (PS)

   vs.

MARK CRAWFORD,                ORDER AND

      Defendant.             FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is proceeding pro se. Plaintiff has filed an in forma pauperis affidavit. She states that she receives $4568.00 from gifts or inheritance and $1107.00 for social security. Plaintiff also states that she has $135,000.00 in her checking or savings account.

      Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. See 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's earnings shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994).

1

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the operative complaint filed in this action, plaintiff claims that the defendant Mark Crawford took her to get a tattoo on her arm in March 2007. She claims that he now wants her to remove the tattoo. She asserts that she has made an appointment to remove the tattoo in February 2013. There is no federal claim on these facts. Because amendment would be futile, the court will recommend that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is denied; and

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

14
alfa2737.ifp.den